UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVIA MARIE, INC.,

               **Plaintiff,**            **CIVIL ACTION NO. 11-12394**

    **vs.**

                                       **DISTRICT JUDGE GERALD E. ROSEN**

**TRAVELERS CASUALTY**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INSURANCE COMPANY OF**
**AMERICA,**

               **Defendant.**
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS (DOCKET NO. 25)

This matter comes before the Court on the Motion For Protective Order and Motion To Compel Response To Plaintiff's Request For Production Of Documents. (Docket no. 25). Defendant filed a response. (Docket no. 28). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 34). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 27). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The matter is fully briefed and the motion is ready for ruling. The Court will address only those issues that are identified as unresolved in the Joint Statement of Resolved and Unresolved Issues. (Docket no. 34).

Plaintiff Olivia Marie, Inc. d/b/a ItalModa filed suit against Defendant Travelers Casualty Insurance Company of America after Defendant denied coverage for the alleged theft of business personal property from Plaintiff's retail furniture store in Ann Arbor ("Ann Arbor" claim) and from

1

its leased warehouse in Taylor ("Taylor 1" and "Taylor 2" claims).  Count I of the complaint alleges that Defendant breached its contract when it made payments on the Ann Arbor and Taylor 1 claims but refused to pay statutory interest on those claims pursuant to Mich. Comp. Laws § 500.2606.  Count II of the complaint asserts a breach of contract claim against Defendant for denying the Taylor 2 claim.  (Docket no. 1).

Plaintiff maintains that Defendant denied the Taylor 2 claim because the loss falls outside the 180 days required by the insurance policy to report a newly acquired location.  In the present motion, Plaintiff moves for a protective order limiting Defendant's discovery solely to the issue of the 180 day provision.

Federal Rule of Civil Procedure 26(b) governs the scope of discovery in federal cases and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense....Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Rule 26 is to be liberally construed in favor of allowing broad discovery.  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  The parties' claims and defenses in this case are not limited to the 180 day provision.  Therefore, Plaintiff's request to narrow Defendant's discovery as a whole to the 180 day provision will be denied.  However, the parties should not construe this to mean that the Court will not narrow individual discovery requests if needed when it resolves Defendant's pending motion to compel filed at docket no. 19.

Next, Plaintiff seeks an order limiting Defendant to five depositions and quashing the following fourteen deposition subpoenas and two deposition notices served by Defendant to:

2

Michael E. George, Scott George, Khalil Ramadan, Jeff Moss, Josh Derosier, Alex Ramadan, Jordan Dunn, Aness Baydoun, Jody Haddad, Sharon Carlile, Jermaine Gaskins, Jamal Hammoudi, Martina Bahoora, Cassandra Vendelof, Bill Bahoora and Chris Bahoora.  Plaintiff also seeks to quash the deposition and document subpoena to Richard Gorges.

Federal Rule of Civil Procedure 30 limits the number of depositions to ten depositions per side unless the parties stipulate to additional depositions or the additional depositions are authorized by the Court.  Fed. R. Civ. P. 30(a)(2)(A)(i).  Defendant has not made a particularized showing of why more than ten depositions are necessary.  *E.E.O.C. v. Chrysler LLC*, No. 07-12986, 2008 WL 2622948, at *5 (E.D. Mich. July 2, 2008).  Instead, Defendant simply argues that it should be permitted to depose each of these individuals because they are identified in Plaintiff's Rule 26(a) disclosures and amended discovery responses as individuals who may have knowledge of the issues in this case.  Plaintiff on the other hand has not provided adequate reason to limit Defendant to less than ten depositions.  The Court finds no reason to deviate from the ten deposition limit established by Rule 30.  Accordingly, the parties will be limited to ten depositions per side.  Defendant should determine which depositions it needs and re-notice the appropriate individuals for deposition at a date and time convenient to the parties, but no later than January 23, 2012.

Next, Plaintiff seeks an order quashing the November 4, 2011 document subpoena to nonparty Shimoun, Yaldo, Kashat & Associates, Plaintiff's CPA.  Federal Rule of Civil Procedure 45 governs subpoenas and provides that a nonparty served with a subpoena may make written objections to the subpoena before the time specified for compliance.  Fed. R. Civ. P. 45(c)(2)(B).  A nonparty's failure to timely object to the subpoena generally waives any objections.  *Am. Elec.*

3

*Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). The court must, upon motion, quash or modify a subpoena if it fails to allow a reasonable time to comply, requires a person to travel more than 100 miles from where they reside, requires disclosure of privileged or protected material, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). Ordinarily, a party does not have standing to quash a subpoena directed to a nonparty unless the party claims a privilege or personal right in the information sought by the subpoena. *United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006). The party seeking to quash a subpoena bears a heavy burden of proof. *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995).

Plaintiff argues that the subpoena to Shimoun, Yaldo, Kashat & Associates should be quashed because the amount of discovery sought by Defendant as a whole is overly burdensome. Plaintiff makes no claim that it holds a privilege or viable privacy interest in the information sought to be discovered under the subpoena. The record shows that Shimoun, Yaldo, Kashat & Associates did not object to the subpoena and has gathered the documents for production. The Court will deny Plaintiff's motion to quash Defendant's subpoena to Shimoun, Yaldo, Kashat & Associates and will order Plaintiff to execute the necessary Authorizations for the Release of Documents so that the requested documents can be produced. (Docket no. 28, ex. 14).

Plaintiff next moves for an order compelling Defendant to produce a complete and unredacted copy of documents redacted in the claims file to the Court for an in-camera review, totally hundreds of pages of documents. Defendant produced a CD of documents contained in the three claims files at issue and a privilege log showing that it withheld information on the basis of attorney-client privilege, work product, and relevance. Information withheld on the basis of

4

relevance includes reserve information for all three claims. (Docket no. 28, ex. 17). Defendant

argues that the amount posted as a reserve is not reasonably calculated to lead to the discovery of

admissible evidence. Courts have generally agreed with Defendant's position and have denied

motions to compel reserve information. *See, e.g., Leski, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 106

(D. N.J. 1989); *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 117 F.R.D. 283, 288 (D. D.C.

1986). Plaintiff has not cited any case or made any showing as to relevance beyond stating that

reserve information is "clearly relevant." The Court concludes that reserve information is not

relevant to Count I of Plaintiff's complaint since the Ann Arbor and Taylor 1 claims, other than

disputed statutory interest, have been paid. Furthermore, reserve information is so tenuously related

to Count II if it's related at all that the Court will deny Plaintiff's Motion to Compel reserve

information at this time.

Rule 26(b)(5)(A), Fed. R. Civ. P., provides that a party withholding information that is

otherwise discoverable "by claiming that the information is privileged or subject to protection as

trial-preparation material" must:

> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not
> produced or disclosed-- and do so in a manner that, without revealing information
> itself privileged or protected, will enable other parties to assess the claim. Fed. R.
> Civ. P. 26(b)(5)(A).

A privilege log should contain sufficient information for the Court and Plaintiff to determine

whether the documents at issue are properly subject to a privilege or protection. The Court can

reject the claim of privilege where the party invoking the privilege "does not provide sufficient detail

to demonstrate fulfillment of all the legal requirements for application of the privilege." *Bowne of*

*New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993).

Defendant's privilege log identifies each document by bates number, date, description of the document, and privilege asserted. (Docket no. 28, ex. 17). The privilege log is not specific enough to permit Plaintiff or the Court to determine whether a privilege exists as to the listed documents.

The Court will order Defendant to produce a Second Amended Privilege Log for the documents over which it claims a privilege. Defendant's Second Amended Privilege Log should contain all the information provided in the original privilege log and provide additional information for each document including a summary of the contents of the document, the purpose for which the document was created, and the identity of the parties to the communication and who created the document, including by title and employer. If a document is drafted by or shared with an attorney who performs work as an insurance claims adjuster, Defendant must identify whether the attorney was working in his or her capacity as a lawyer or as a claims adjuster in relation to the document at issue. Defendant must also summarize whether the document contains mental impressions, conclusions, opinions or legal theories of an attorney working in his or her legal capacity or other representative of the party concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B). To the extent that Defendant asserts that the document is subject to attorney-client privilege, Defendant must identify the nature of the communication, identify the parties to the communication including carbon copies, by name, title and employer, identify the attorney(s) on the communication, the purpose of the communication and whether or not it sought and/or conveyed legal advice. The Second Amended Privilege Log must be specific enough to allow the Plaintiff and the Court if necessary to determine whether the document is subject to the asserted privilege or protection and whether it was prepared

in anticipation of litigation.

Finally, the parties disagree over whether an extension in scheduling order dates is needed in order for discovery to be completed.  On November 1, 2011 the district court permitted a limited extension of scheduling order deadlines and in doing admonished the parties for delaying the start of discovery until after the Court ruled on Defendant's Motion for Judgment on the Pleadings/for Summary Judgment.  The Court noted that the parties chose to delay discovery at their own risk and stated that no further extensions of scheduling order deadlines would be allowed.  (Docket no. 18).  Therefore, consistent with that order, the Court declines to extend scheduling order dates.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Protective Order and Motion To Compel Responses To Plaintiff's Request For Production Of Documents (docket no. 25) is **GRANTED IN PART AND DENIED IN PART** as follows:

A.   Plaintiff's request for a protective order limiting Defendant's discovery to the issue of the 180 day provision is denied.

B.   The parties are limited to ten depositions per side pursuant to Federal Rule of Civil Procedure 30.  Defendant must serve new subpoenas or re-notice the depositions it seeks, scheduling depositions to occur on or before January 23, 2012.  Counsel is expected to cooperate with each other in scheduling and conducting the depositions before the close of discovery.

C.   Plaintiff's request to quash the November 4, 2011 subpoena of Shimoun, Yaldo, Kashat & Associates is denied.  Plaintiff is directed to serve executed Authorizations for the Release of Documents on Defendant's counsel and on Shimoun, Yaldo, Kashat & Associates on or before January 5, 2012.

D.   Defendant must serve on Plaintiff a detailed and specific Second Amended Privilege Log for the documents over which it asserts a privilege as set forth above, on or before January 6, 2012.

E.   Any request for relief from the scheduling order is denied at this time.

7

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 22, 2011        s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 22, 2011        s/ Lisa C. Bartlett
                                         Case Manager

8