UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVIA MARIE, INC.,

      Plaintiff,                    CIVIL ACTION NO. 11-12394

vs.

                                        DISTRICT JUDGE GERALD E. ROSEN

TRAVELERS CASUALTY           MAGISTRATE JUDGE MONA K. MAJZOUB
INSURANCE COMPANY OF
AMERICA,

      Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 19)**

This matter comes before the Court on the Motion To Compel Plaintiff's Responses To Traveler's Request For Production Of Documents, Answers To Third Set Of Interrogatories, Supplemental Responses To Interrogatories, and Enter An Order Deeming Admitted Certain Requests For Admission. (Docket no. 19). Plaintiff filed a response. (Docket no. 26). Defendant filed a reply. (Docket no. 29). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 33). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 20). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The matter is fully briefed and the motion is ready for ruling.

Defendant served Plaintiff with its First Request for Admissions, First Set of Interrogatories, First Request for Production of Documents, and Second Set of Interrogatories on September 19, 2011. (Docket no. 19, exs. 1-3). On October 5, 2011 Defendant served Plaintiff with its Third Set

1

of Interrogatories. (Docket no. 19, ex. 4). The Joint Statement reveals that the parties have been unable to resolve their dispute with regard to Requests for Production nos. 4, 6, 10, 14, 15, 20-22, 24-31, and 33.

Document Requests nos. 6, 10, 14, 15, 20-22, 25, 26, 27, 29, and 30 seek documents related to Plaintiff's inventory for all locations, transport of inventory, documents evidencing the rental of warehouse space and delivery of inventory by J and J Fine Furniture, retail sales by location, customer orders and merchandise purchases, books of original entry, general ledgers, sales tax return worksheets, and inventory receipts from January 1, 2008. Defendant argues that its requests are relevant because Plaintiff has not produced pre-loss inventories and claims that no such inventories exist. Consequently, Defendant states that it must conduct an inventory roll-forward to verify Plaintiff's loss, which will require it to take pre-loss purchases, less sales and fulfilled orders and calculate the amount of inventory on hand on the date of the loss. Plaintiff has not shown that it produced information or documents to Defendant during the course of discovery that makes an inventory roll-forward unnecessary. Therefore, in light of Defendant's assertions, the Court finds that Document Requests nos. 6, 10, 14, 15, 20-22, 25, 26, 27, 29, and 30 are relevant and reasonably tailored to seek information calculated to lead to the discovery of admissible evidence.

Plaintiff responded to Document Requests nos. 6, 10, 14, 15, 20-22, 25, 26, 27, 29, and 30 by stating in part that it has produced all documents in support of its claims. Defendant is permitted under Fed. R. Civ. P. 26(b) to obtain discovery relevant to any party's claim *or defense*. Thus, Plaintiff's answers are not fully responsive to the document requests. Furthermore, Defendant states that it has not received responsive documents. The Court will order Plaintiff to serve on Defendant

amended responses to Document Requests nos. 6, 10, 14, 15, 20-22, 25, 26, 27, 29, and 30, and produce all documents responsive to these requests which have not already been produced in this case. In addition, Plaintiff must identify by bates number the documents it has produced that are responsive to each of these requests. If Plaintiff cannot locate any responsive documents that have not already been produced, it must provide a sworn declaration that after making reasonable effort it cannot locate additional documents responsive to the request.

Document Request no. 4 is duplicative of Document Request no. 25. The Court will not order Plaintiff to provide further response to Document Request no. 4.

Document Requests nos. 24 and 31 are overbroad and not sufficiently tailored to seek material relevant to the parties' claims and defenses. The Court will not compel further responses to these requests.

Document Request no. 28 seeks itemized Physical Inventory of Stock for the years ending 2006 through the present. This request is duplicative of other requests and overbroad in time and scope. Defendant has not shown that information dating back to 2006 is relevant. The Court will not compel further response to this request.

Document Request no. 33 seeks cell phone records for July 1, 2009 through August 31, 2009. Although Defendant states that this request is limited to Mr. Bahoora's cell phone records, the request as written is not limited to Mr. Bahoora. The Court will not order Plaintiff to provide further response to this request.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Compel Plaintiff's Responses To Traveler's Request For Production Of Documents, Answers To Third Set Of

Interrogatories, Supplemental Responses To Interrogatories, and Enter An Order Deeming Admitted Certain Requests For Admission (docket no. 19) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that on or before January 6, 2012 Plaintiff must serve on Defendant amended responses to Document Requests nos. 6, 10, 14, 15, 20-22, 25, 26, 27, 29, and 30 and produce all documents responsive to these requests which have not already been produced in this case. In its amended responses Plaintiff must identify by bates number the documents it has produced that are responsive to each of these requests. If Plaintiff cannot locate documents responsive to a request that have not already been produced, it must provide to Defendant by January 6, 2012 a sworn declaration that after making reasonable effort it cannot locate additional documents responsive to the request.

**IT IS FURTHER ORDERED** that Defendant's motion is denied as to Document Requests nos. 4, 24, 28, 31, and 33.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 22, 2011           s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 22, 2011          s/ Lisa C. Bartlett  
                                            Case Manager