UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**OLIVIA MARIE, INC.,**

      **Plaintiff,**     CIVIL ACTION NO. 11-12394

  vs.

                              DISTRICT JUDGE GERALD E. ROSEN

**TRAVELERS CASUALTY**     MAGISTRATE JUDGE MONA K. MAJZOUB
**INSURANCE COMPANY OF**
**AMERICA,**

      **Defendant.**
_____/

## ORDER GRANTING TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S MOTION TO STRIKE NOTICE OF NONPARTY FAULT (DOCKET NO. 65)

      This matter comes before the Court on the Motion to Strike Notice of Nonparty Fault filed by Defendant Travelers Casualty Insurance Company of America on June 14, 2012. (Docket no. 65). Plaintiff filed a response. (Docket no. 66). Defendant filed a reply. (Docket no. 67). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 69). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The matter is fully briefed and the motion is ready for ruling.

      Plaintiff Olivia Marie, Inc. d/b/a ItalModa filed this action in June 2011 against Defendant Travelers Casualty Insurance Company of America, alleging claims of breach of contract stemming from Defendant's denial of full insurance coverage following the alleged theft of Plaintiff's commercial property. In March 2012 Defendant filed a counterclaim for breach of contract, fraud and misrepresentation, declaratory relief related to Plaintiff's violation of conditions regarding fraud,

1

concealment, and misrepresentation, and unjust enrichment. (Docket no. 54). On June 1, 2012 Plaintiff filed a Notice of NonParty Fault pursuant to Mich. Comp. Laws §§ 600.2957 and 600.6304. (Docket no. 60). The Notice states that Plaintiff has received information that the thefts at the Taylor warehouse were perpetrated by Mr. Robert Kruvutske, and therefore Mr. Kruvutske may be wholly or partially at fault for the damages sustained by Plaintiff. Defendant brings the instant Motion to Strike Plaintiff's Notice of NonParty Fault.

State law permits a trier of fact to apportion to a tortfeasor only that portion of a total damage award that reflects that tortfeasor's percentage of fault in any action based on tort or other legal theory seeking damages for personal injury, property damage, or wrongful death. *Am. Home Mortg. Acceptance, Inc. v. Appraisal Place, Inc.*, 476 F.Supp.2d 645, 648 (E.D. Mich. 2007). *See also* Mich. Comp. Laws §§ 600.2957 and 600.6304. Along those lines, Michigan Court Rule 2.112 provides a procedural mechanism by which the trier of fact may apportion fault to nonparties. Michigan Court Rule 2.112(K) provides that a "party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault." Mich. Ct. R. 2.112(K)(3)(a). The notice must designate the nonparty's name, last known address, and a brief statement of the basis for believing the nonparty is at fault. Mich. Ct. R. 2.112(K)(3)(b). A party served with such a notice may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the notice. Mich. Ct. R. 2.112(K)(4).

By its very terms, Michigan Court Rule 2.112, and Mich. Comp. Laws §§ 600.2957 and 600.6304 apply to actions based in tort, such as those involving personal injury, property damage, or wrongful death. Here, Defendant asserts in its counterclaim that its damages occurred because

Plaintiff breached a contract, overstated the value, condition, and ownership of property lost, and misrepresented or concealed the facts and circumstances of its losses. Plaintiff's Notice of NonParty Fault does not speak to these allegations or allege that Mr. Kruvutske may be liable for the claims asserted in the counterclaim. The Court concludes that Plaintiff''s Notice of NonParty Fault is not applicable in the instant case and must be stricken.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Notice of Nonparty Fault (docket no. 65) is **GRANTED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 17, 2012               s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 17, 2012               s/ Lisa C. Bartlett
                                       Case Manager

3