UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVIA MARIE, INC.,

      **Plaintiff,**                        CIVIL ACTION NO. 11-12394

vs.

                                         DISTRICT JUDGE GERALD E. ROSEN

TRAVELERS CASUALTY             MAGISTRATE JUDGE MONA K. MAJZOUB
INSURANCE COMPANY OF
AMERICA,

      **Defendant.**
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES (DOCKET NO. 59)

This matter comes before the Court on Plaintiff's motion to compel answers to interrogatories. (Docket no. 59). Defendant filed a response. (Docket no. 64). The parties filed a Statement of Resolved and Unresolved Issues. (Docket no. 68). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 61). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The matter is ready for ruling.

Plaintiff served Defendant with its First Set of Interrogatories on April 12, 2012, asking for responses to four interrogatories related to Defendant's counterclaim. (Docket no. 59, ex. 1). On May 14, 2012 Defendant served Plaintiff with its responses and objections to the requests. (Docket no. 59, ex. 2). Plaintiff now seeks an order compelling supplemental responses to Interrogatory nos. 1 through 4.

1

Interrogatory no. 1 asks Defendant to identify every item listed on an attached Personal Property Inventory Claim for which Defendant claims that Plaintiff did not have the item of, overstated the value of the item, misrepresented the condition of the item, or did not have an ownership interest in the item at the time of the loss and state whether Plaintiff (a) did not have the item, overstated the value of the item, misrepresented the condition of the item, or did not have an ownership interest in the item at the time of the loss; (b) the amount by which the item was overstated or diminished by its lesser condition; (c) all witnesses who will testify in support of this contention; (d) all facts that support this contention; and (e) the date on which these facts became known to Defendant. Defendant provided a four page narrative response to the request. Defendant now argues that it provided Plaintiff with a description of the "types of specific deficiencies" shown in the Personal Property Inventory Claim. Defendant claims that a more specific response directed toward each of the 471 inventory items shown on the Inventory Claim list could require it to produce a catalog amounting to 2355 total responses. (Docket no. 64 at p.4 n.2).

Defendant filed a counterclaim in March 2012, alleging in part that Plaintiff misrepresented the facts surrounding the loss of inventory items, the amount of inventory stored in the locations at the time of the losses, its ownership of property, and the condition and value of the property. (Docket no. 54). Interrogatory no. 1 is relevant to the counterclaim. The Court has reviewed Defendant's answer and will direct it to provide supplemental answers that are responsive to the specific requests made in Interrogatory nos. 1(a), (b), and (c). The Court is not persuaded that Defendant must produce a catalog of 2355 responses in order to answer these requests, and instead encourages Defendant to group its responses if necessary and where applicable provided those

2

groupings are meaningful and easily identifiable as being responsive to the requests. The Court is satisfied that the entirety of Defendant's response sufficiently answers Interrogatory 1(d). The Court is also satisfied that Defendant adequately responded to subsection 1(e).

Interrogatory no. 2 asks Defendant to identify every misrepresentation purportedly made to Plaintiff, and every fraud committed, false swearing or material fact concealed in connection with the claimed losses, and state (a) the exact misrepresentation made, fraud committed, false swearing or fact concealed; (b) the person responsible for each action; (c) the person to or upon whom the misrepresentation was made; (d) any facts to support this contention; and (e) the facts that became known to Defendant in January 2012 when Plaintiff was ordered to produce documents and submit to depositions. Defendant objected to the request on the grounds that it was vague, over broad, and required a narrative response. Defendant then identified twelve items that it claims provides a "summary of the types of misrepresentations, fraud, false swearing, and concealment by Plaintiff." These twelve items include very generalized statements that provide no real information to Plaintiff, such as "Plaintiff's claims submission to Travelers are materially overstated" and "concealment and/or misrepresentation of facts and circumstances pertaining to Plaintiff's access to the Taylor warehouse." (Docket no. 59, ex. 2). Interrogatory no. 2 goes to the heart of Defendant's counterclaim. The Court will order Defendant to provide a full and complete supplemental response to the entire Interrogatory no. 2.

Interrogatory no. 3 asks Defendant to identify every instance in which Plaintiff did not cooperate, inhibited, or mislead Defendant during the adjustment of the claims and for each instance identify (a) the date on which the instances occurred, (b) the persons responsible for the actions, and

(c) how the actions prejudiced Defendant's ability to investigate the claimed losses. The Court finds that Defendant fully responded to Interrogatory no. 3. Plaintiff's motion will be denied as to this request.

Interrogatory no. 4 asks Defendant to identify witnesses it may call at the time of trial and state the substance of the facts to which the witnesses are expected to testify. Defendant responded by providing a list of potential witnesses. Defendant also contends that it provided a summary of the facts to which each witness is expected to testify. The Court is satisfied that Defendant has answered the specific request made by Plaintiff. The Court will deny Plaintiff's motion as to this request.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel answers to interrogatories (docket no. 59) is **GRANTED IN PART**. On or before January 7, 2013 Defendant must serve on Plaintiff supplemental responses to Plaintiff's First Set of Interrogatories nos. 1(a), (b), and (c) and 2 as directed in this order. Plaintiff's motion is denied as to Interrogatory nos. 1(d) and (e), 3, and 4.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 17, 2012         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 17, 2012         s/ Lisa C. Bartlett
                                 Case Manager